
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS RIVERA, | No. 10-15078 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-02537-FCD-JFM |
| v. | |
| JEANNE S. WOODFORD; ATTORNEY GENERAL OF CALIFORNIA, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., Senior District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: THOMPSON, COWEN,** and SILVERMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Jose Luis Rivera, who is currently serving a life sentence for felony murder and other offenses, appeals from the District Court's denial of his 28 U.S.C. § 2254 petition. We will affirm.

Rivera has claimed that his trial counsel provided ineffective assistance by failing to conduct an adequate investigation into available defenses and then to present at trial witnesses, other evidence, and a reasonable closing argument in support of such defenses. We nevertheless conclude that the California Court of Appeal's rejection of his ineffectiveness claim on prejudice grounds was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. See, e.g., 28 U.S.C. § 2254(d)(1). The case against Rivera was overwhelming. For instance, his own admissions to the police and his girlfriend supported his conviction for first-degree felony murder, second-degree robbery, carjacking, and the jury's finding true the special circumstance allegations that the murder occurred during the commission of a robbery and a carjacking. Under the circumstances, it was not unreasonable for the state court to conclude that Rivera failed to establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

We do note that prejudice is presumed in certain narrow circumstances, such as "if the accused is denied counsel at a critical stage of his trial" or "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." United States v. Cronic, 466 U.S. 648, 659 (1984) (footnote omitted). However, the United States Supreme Court characterized the difference between Strickland and Cronic arguments as one "not of degree but of kind." Bell v. Cone, 535 U.S. 685, 697 (2002) (footnote omitted). Accordingly, Rivera's new Cronic claim must be rejected because he never presented such a claim to either the state courts, the Magistrate Judge, or the District Court (and therefore any such claim has never been certified for appeal). See, e.g., 28 U.S.C. §§ 2253(c)(1)(A), 2254(b)(1)(A); Belgarde v. Montana, 123 F.3d 1210, 1216 (9th Cir. 1997). In any event, we must reject his claim as without merit because the trial counsel's apparent deficiencies did not rise to the level required by Cronic (e.g., the trial counsel still managed to raise a number of objections, subjected several witnesses to cross-examination, and provided a relatively lengthy closing argument addressing the crucial notion of a "plan").

**AFFIRMED.**